No. 11,040.

SUCCESSIONS OF MR. AND MRS. A. MANNESSIER.

Where the question is of the acceptance *vel non* of title, by a purchaser of real property, at succession sale, the proof disclosing that the alleged undivided interest of a minor was transferred to the deceased by its parent, during her lifetime, and that, consequently, no title by inheritance passed at her death, rule on the adjudicatee must be made absolute, as the tendered title is unquestionably clear.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*F. Michinard* for Appellee.

*E. J. Méral* for Appellant.

The opinion of the court was delivered by

WATKINS, J.   At a public judicial sale of certain real estate of the succession of Josephine Breinsut, widow of Augustin Mannessier, deceased, made in pursuance of an order of court to pay  succession debts and charges, same was adjudicated to Germain Lafon, at the price of $3550, which he declined to pay, and being ruled to show cause why he should not complete the adjudication and accept title, he made the following answer in substance, viz. : that the succession of widow Mannessier is not the owner of one undivided one-fourth interest in the property adjudicated, same being owned by the minor, Auguste Broussard, only heir of Héloise Mannessier, daughter and legatee of Augustin Mannessier, deceased.

The District Judge discharged the rule and relieved the  purchaser from compliance with his bid, but upon reconsideration, changed his opinion and made the rule absolute, and from the decree thus rendered this appeal is prosecuted.

The facts appear to be as follows, viz. :

At the death of A. Mannessier on the 2d of November, 1880, the property in contestation was jointly and equally owned by A. S. Leclerc and the deceased.

By the terms of the latter's will, his community interest therein of one-fourth was bequeathed to his daughter, Mrs. Broussard, and his step-son, Leclerc, equally, and the usufruct of same to his surviving widow.   Hence, the widow Mannessier was owner in her community right of one-fourth; the daughter, Mrs. Broussard, of one-eighth; and Leclerc of one-half and one-eighth—or in other phrase, widow Mannessier owned two-eighths, Leclerc five eighths, and   Mrs. Broussard one-eighth.

This appears from the will of the deceased and from other evidence in the record; but the contention of counsel for the succession is, and the judge decided, that the interest of Mrs. Broussard was completely eliminated from that of her co-owners, and vested in widow Mannessier, by means of an adjustment and transaction that was entered into between them, and which, it is alleged, is evidenced by a written agreement to that effect, under date of December 6, 1880, only a few days after the death of the testator.

The document referred to is in evidence, and in the course of the assignment of his reasons for judgment the judge a quo says of it, viz.: "It seems to me that by the agreement of all these parties of

age, Mrs. Mannessier bought or acquired the interest of the testamentary heirs—*i. e.*, their naked ownership (she being the usufructuary of this one-half interest) at the fixed price of $1640, and retained the price fixed as usufructuary for the term of her life, with the obligation that that price—not the one-half of the *property* in kind, but the *price in money*—would be due to them and payable out of the moneys of her succession," etc.

That such is the clear and correct interpretation to be placed upon the language of that act, there is no doubt.

It is a private writing entered into and signed by Josephine Mannessier, A. S. Leclerc and Heloise Mannessier, the three parties above named, and it is styled an "agreement between testamentary heirs," etc.

It imports a full and complete succession settlement, in which provision is made for the payment of succession debts; and, for the declared purpose of putting the widow in funds wherewith to pay such debts, the heirs transferred their interest in the property to widow Mannessier, to save cost and expense.

This they had a perfect right to do, as all the parties were *sui juris·*

The interest and title of Mrs. Heloise Broussard having passed during her lifetime to Mrs. Mannessier, her minor child inherited nothing, at her death, but the mother's interest in the unliquidated succession of A. Mannessier, her deceased grandfather, and that of widow Mannessier, deceased, who was full and complete owner of the property in question.

The judge *a quo* was unquestionably correct in admitting the written acts in evidence, treating the objection urged as going to their effect, only.

Judgment affirmed.